IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA COURT LP, a California limited partnership, MARK MIGDAL REVOCABLE TRUST, and MARK MIGDAL, individually, as the trustee of MARK MIGDAL 2000 REVOCABLE TRUST, and as the general partner of Emma Court LP,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED AMERICAN BANK, a California banking association, LIGHTHOUSE BANK, a California banking association, RICHARD HOFSTETTER, JON SISK, LANE LAWSON, WILLIAM WALTERS, JOHN SHRUP, PLM LERVICES, INC., a California corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. C 09-03625 JSW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND** |

Now before the Court is the motion to remand filed by plaintiffs Emma Court LP, Mark Migdal Revocable Trust, and Mark Migdal (collectively, "Emma Court"). Having carefully considered the parties' papers, relevant legal authority, and the record in this case, the Court hereby GRANTS Emma Court's motion to remand.

**BACKGROUND**

On May 8, 2009, Emma Court filed suit against Defendants United American Bank, Lighthouse Bank, Richard Hofstetter, Jon Sisk, Lane Lawson, William Walters, John Shrup (collectively, "Banks/Officers"), and PLM Lender Services, Inc. ("PLM"), in the Superior

1  Court of the State of California for the County of San Francisco.  (Notice of Removal, Ex. A
2  ("Complaint").)  Emma Court's complaint alleges fifty-two causes of action, including a cause
3  of action for various violations of the Racketeer Influenced and Corrupt Organizations Act
4  ("RICO").  (Complaint at 126, 79.)

5  On August 7, 2009, Banks/Officers removed the case to this Court citing federal
6  question jurisdiction as the basis for removal.  (Notice of Removal at 2.)  Banks/Officers
7  asserted, relying on the allegations of violations of RICO in the Complaint, that this Court has
8  original jurisdiction under 28 U.S.C. § 1331, and that the matter is removable under 28 U.S.C. §
9  1441(b).  (*Id*.)  Banks/Officers also asserted that they were first served with a copy of the
10 complaint on July 12, 2009, and that all other defendants who had been served with a summons
11 and complaint also joined the notice of removal.  (*Id*.)  Emma Court now moves to remand the
12 action to state court.

13 The Court will address additional facts as required in the analysis.

## ANALYSIS

### A.  Legal Standards Relevant to Removal Jurisdiction.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7-8 (1983) (citation omitted); *see also* 28 U.S.C. § 1441.  However, federal courts are courts of limited jurisdiction.  *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566.

Pursuant to 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days, by the receipt of the Defendant, through service or otherwise,

of a copy of the initial pleading setting forth the claim for relief ...." The thirty-day period for filing a notice of removal is triggered when the defendant first receives formal service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("the first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal.").

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.*, 463 U.S. at 27-28.

### B. Emma Court's Motion to Remand.

Emma Court sets out three arguments in support of its motion to remand: (1) the notice of removal was defective because it was untimely; (2) the notice of removal was defective because PLM did not join the notice of removal; and (3) the Court should exercise its discretion under 28 U.S.C. § 1441(c) and remand the action because "state law predominates." (Br. at 2.)

#### 1. Removal Was Untimely.

Emma Court argues that Banks/Officers did not timely remove this action pursuant to the thirty-day requirement imposed by 28 U.S.C. § 1446. (*Id.* at 3-4.) Specifically, Emma Court argues that the thirty-day period for removal was triggered either on May 8, 2009, when Banks/Officers' counsel was handed a copy of the complaint, or no later than May 18, 2009,[1]

---

1   Throughout its papers, Emma Court variously refers to the date when it contends Banks/Officers "generally appeared" as May 18, 2009, May 18, 2007 and June 18, 2009. (Hartford Declaration ("Decl.") ¶ 6; Reply Br. at 2; Br. at 4.) Despite these discrepancies, for its analysis the Court will assume that Emma Court contends that Banks/Officers generally appeared on May 18, 2009, the date on which Banks/Officers served its opposition to order to

3

when Banks/Officers "generally appeared in the action." (*Id*. at 4.)  Emma Court argues that regardless of which one of these dates is used, Banks/Officers' removal on August 7, 2009 was untimely because it was outside the thirty-day window provided for in 28 U.S.C. § 1446. (*Id*.)

        **a.**    **Hand delivery of the complaint to Banks/Officers' counsel was insufficient service.**

Emma Court first argues that the thirty-day period for removal began to run on May 8, 2009, when Emma Court's counsel handed Banks/Officers' counsel a copy of the complaint. (*Id.*; Hartford Decl. ¶ 4.)  The federal removal statute, 28 U.S.C. § 1446, provides in relevant part that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...."  In *Murphy Brothers Inc. v. Michetti Pipe Stringing*, the Supreme Court of the United States clarified the meaning of § 1446, and held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." 526 U.S. 344, 347-48 (1999) (citations omitted).

The adequacy of service of process is determined under applicable state law. *Varga v. United Airlines*, 2009 U.S. Dist. LEXIS 64000, *7-8 (N.D. Cal. July 24, 2009).  Under California law, service of process can be made on a corporation "by delivering a copy of the *summons* and the complaint" to: (1) "the person designated as agent for service of process;" (2) "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process;" (3) "[i]f the corporation is a bank, to a cashier or assistant cashier;" or (4) to persons "authorized by any provision in Section 1701, 1702, 2110, or 2111 of the Corporations Code." Cal. Civ. Proc. Code § 416.10 (emphasis added).

---

show cause and temporary restraining order. (Hartford Decl. ¶ 6; Robertson Decl., Ex. B.)

As both parties agree, on May 8, 2009, Emma Court's counsel provided Catherine Schlomann Robertson, counsel for Banks/Officers, with a copy of the complaint. (Hartford Decl. ¶ 4, Robertson Decl. ¶ 3.) However, Robertson was not provided a copy of the summons. (Hartford Decl. ¶ 4.) Thus, even if Robertson had been authorized to receive service on behalf of Banks/Officers, which Emma Court has not attempted to demonstrate, service was defective because it did not comport with the requirement of section 416.10 that "a copy of the summons" be delivered. *See* Cal. Civ. Proc. Code § 416.10. Formal service of a summons is a crucial aspect of service of process. *Murphy Bros. Inc.*, 526 U.S. at 347-48 (holding that delivery of a courtesy copy of a complaint, absent a summons, was not sufficient service to trigger the thirty-day removal period under 28 U.S.C. § 1446). "Knowledge by a defendant of a plaintiff's action does not satisfy the requirement of adequate service of a summons and complaint." *Renoir v. Redstar Corp.*, 123 Cal. App. 4th 1145, 1152-53 (2004). As a result of Emma Court's failure to serve Banks/Officers properly, the thirty-day period for removal was not triggered by the hand delivery of the complaint on May 8, 2009.

### b. Banks/Officers generally appeared in the action.

Emma Court's second argument is that the thirty-day period for removal under 28 U.S.C. § 1446 was triggered on May 18, 2009, when Emma Court argues Banks/Officers generally appeared in the action. Under California law, "[a] general appearance by a party is equivalent to personal service of summons on such party," and thus a general appearance would trigger the thirty-day removal period under 28 U.S.C. § 1446. Cal. Civ. Proc. Code § 410.50. However, "[a]n appearance at a hearing at which ex parte relief is sought, or an appearance at a hearing for which an ex parte application for a provisional remedy is made, is not a general appearance." Cal. Civ. Proc. Code § 418.11.

In conjunction with the filing of its complaint, Emma Court also filed an ex parte application for temporary restraining order and order to show cause. (Robertson Decl. Ex. B at 4.) On May 8, 2009, a hearing was held on Emma Court's ex parte application. (Hartford Decl. ¶ 3.) Counsel for Banks/Officers was present at this hearing. (*Id*.) The San Francisco Superior Court granted Emma Court's ex parte application and set a hearing date on the order to show

5

1  cause for May 28, 2009.  (*Id*. at ¶ 5.)  On May 18, 2009, Banks/Officers filed an opposition to
2  the order to show cause and temporary restraining order.  (Robertson Decl. Ex. B at 4; Hartford
3  Decl. ¶ 6.)  Emma Court contends that by filing its opposition to the order to show cause,
4  Banks/Officers generally appeared in the action.  (Br. at 4.)  Banks/Officers argues that its
5  actions fall within the safe harbor provisions of section 418.11, and thus filing the opposition
6  was not a general appearance.  (Opp. Br. at 6.)

In California, "[a] general appearance can make up for a complete failure to serve a summons," because a defendant submits to the court's jurisdiction by making a general appearance.  *Fireman's Fund Ins. Co. v. Sparks Constr., Inc.*, 114 Cal. App. 4th 1135, 1145 (2004).  "A general appearance occurs where a party ... participates in an action in some manner which recognizes the authority of the court."  *Mansour v. Superior Court*, 38 Cal. App. 4th 1750, 1756 (1995).  Thus, "California courts have found that parties have generally appeared under varying circumstances in which the defendants sought affirmative relief."  *Dial 800 v. Fesbinder*, 118 Cal. App. 4th 32, 53 (2004) (citations omitted).  Section 418.11 of the California Code of Civil Procedure provides an exception to this rule when appearing at ex parte hearings.  The question here is whether Banks/Officers' actions fall within the scope of section 418.11.

In *Factor Health Mgmt. v. Superior Court*, the California Court of Appeal, analyzed the application of section 418.11 in a situation similar to the one before this Court.  132 Cal. App. 4th 246, 250 (2005).  In *Factor Health*, plaintiffs "filed an ex parte application for a temporary restraining order and order to show cause for a preliminary injunction," in conjunction with their complaint.  *Id*. at 249.  Defendants filed an opposition to the ex parte application, but the trial court entered a temporary restraining order against defendants.  *Id*.  A short while later, defendants "filed an ex parte application for an order setting the depositions of the affiants who supported [plaintiffs'] application for a temporary restraining order and order to show cause for a preliminary injunction."  *Id*.  Defendants claimed the depositions were necessary to enable them to respond to the order to show cause for the preliminary injunction.  *Id*.  Defendants then filed a motion to quash service due to a lack of personal jurisdiction, but the trial court denied the motion, finding "that by filing the ex parte application for discovery, [defendants] sought

6

affirmative relief and thus made a general appearance in the action." *Id*. Defendants appealed the court's denial of their motion to quash, and argued that "pursuant to Code of Civil Procedure section 418.11, their ex parte application for discovery did not constitute a general appearance." *Id*. at 249-250.

The California Court of Appeal rejected defendants' argument. *Id*. at 250. In so ruling, the court found that while section 418.11 would allow discovery requests sought in order to oppose an ex parte application for a temporary restraining order, section 418.11 did not protect discovery requests sought to oppose a preliminary injunction on the merits. *Id*. at 251. The court held that "[a]n order to show cause for a preliminary injunction is not within the scope of section 418.11," because section 418.11 only applies "to ex parte applications for [a] provisional" remedy. *Id*. Furthermore, the court stated that a preliminary injunction, unlike a temporary restraining order, is not a provisional remedy because it "involves a determination related to the merits of the case." *Id*. (citations omitted). Ultimately, the court found that because the affirmative relief for discovery on the merits sought by the defendants was outside the protection of section 418.11, it "constituted a general appearance in the action." *Id*.

Here, just as in *Factor Health*, the trial court granted a temporary restraining order after an ex parte hearing and issued an order to show cause for a preliminary injunction. (Hartford Decl. ¶ 5.) Rather than filing a motion to quash at that point, Banks/Officers filed its opposition to the order to show cause. (Hartford Decl. Ex. A1.) In opposing the issuance of a preliminary injunction, Banks/Officers fully addressed and argued the merits of the case. (*Id*.) As the court made clear in *Factor Health*, addressing the merits of a case by filing an opposition to an order to show cause for a preliminary injunction, falls outside the protections of section 418.11. 132 Cal. App. 4th at 251; *see also Sch. Dist. of Okaloosa County v. Superior Court*, 58 Cal. App. 4th 1126, 1133 (1997) (noting that preliminary injunctions "involve a determination related to the merits of the case"). This is true because a preliminary injunction is not a provisional remedy as contemplated by section 418.11. *See Factor Health*, 132 Cal. App. 4th at 251. The Court similarly finds that Banks/Officers' filing of its opposition to the order to show cause

7

before the state court was not within the scope of section 418.11, and accordingly, constitutes a general appearance.[2]

California law provides that "[a] general appearance by a party is equivalent to personal service of summons on such party." Cal. Civ. Proc. Code § 410.50. As a result, the thirty-day period for removal under 28 U.S.C. § 1446 was triggered on May 18, 2009 when Banks/Officers generally appeared. Banks/Officers did not remove this matter until August 7, 2009, which was beyond the thirty days permitted under 28 U.S.C. § 1446. Banks/Officers removal was therefore untimely, and this Court must remand the case to state court.[3]

**C.    Emma Court's Request for Attorneys' Fees.**

Pursuant to 28 U.S.C. § 1447(c), Emma Court requests an award of attorneys' fees and costs incurred as a result of Banks/Officers' allegedly improper removal. (Br. at 6.) "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This Court has a great deal of discretion, in determining whether or not to award costs and fees under § 1447(c). *See e.g. Moore v. Permanente Med. Group*, 981 F.2d 443, 447 (9th Cir. 1992); *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n.6 (9th Cir. 2000). Although it was not ultimately persuaded by Banks/Officers' arguments, the Court does not find that Banks/Officers' removal was frivolous or motivated by bad faith. The Court therefore declines to exercise its discretion to award Emma Court's fees and costs under § 1447(c).

---

    2    The Court acknowledges the Superior Court's recent order denying Emma Court's petition for writ of mandate. (Notice of Subsequent State Court Ruling, Ex. A.) This Court, however, is not convinced that in denying Emma Court's writ, the Superior Court necessarily found that Banks/Officers did not generally appear in this matter, as Banks/Officers contends. (*Id*. at 1.) Rather, it seems that the general appearance issue was not properly raised, and therefore not ruled upon. (*See id*. Ex. A ("The paperwork presented to the clerk requested entry of defaults based on failure to file timely responsive pleadings after service of summons, *not after a general appearance purportedly made* at a temporary restraining order hearing or *by filing opposition to an order to show cause*. The clerk properly rejected the only written requests that were made." (emphasis added).)

    3    Because this Court finds that Banks/Officers removal was not timely, it need not address the arguments regarding the unanimity of removal or discretionary remand under 28 U.S.C. § 1441(c).

8

**CONCLUSION**

For the foregoing reasons, the Court hereby GRANTS Emma Court's motion to remand. The case is remanded to the Superior Court of California for the County of San Francisco. The Clerk shall close the file forthwith.

**IT IS SO ORDERED.**

Dated: November 30, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE